25163.   HARRIS *v.* THE STATE.

Decided November 13, 1935.

R. L. LeSueur, for plaintiff in error.
Hollis Fort, solicitor-general, contra.

BROYLES, C. J. 1. The requested charge set out in a ground of the motion for new trial was sufficiently covered by the charge as given.

2. The court did not err in failing to instruct "the jury, even without written request, that before they could find the defendant guilty of any offense whatever, they must believe that the alleged offense, if any, was committed in Sumter County, Georgia." An unimpeached witness who owned the farm where the alleged offense was committed testified positively that the scene of the crime was in Sumter County, and no witness testified positively to the contrary. One witness swore that he did not know in what county it occurred, and another witness testified as follows: "The crib where the cutting took place was in Schley County. *If I am not mistaken,* the crib was in Schley County. *I go by what they.told me.* They told me the Sims [lines?] come straight that way— *there is nothing there to show it."* (Italics ours.) This evidence shows that the witness had no knowledge of his own as to where the county lines were; and his testimony being without probative value, there was no issue raised as to the venue of the offense, and the failure to charge thereon, if error, was harmless.

3. The complaint that the court failed to instruct the jury that the burden of proof rested on the State is without merit. While the judge did not give the usual stereotyped instructions on that subject, the language of his charge was sufficient to inform the jury that the State did have the burden of establishing the defendant's guilt, beyond a reasonable doubt.

4. After both sides had closed, the solicitor-general announced to the court, in the presence of the jury, that he waived the opening argument. Counsel for the plaintiff in error then stated "that he waived his argument, and objected to any argument in conclusion by the solicitor-general." Whereupon the court permitted the solicitor-general to withdraw his waiver, and allowed him to make the opening argument to the jury, over objections of the plaintiff in error. Counsel for the plaintiff in error then made his argument, and the solicitor-general followed with the concluding argument, over the objection of the plaintiff in error. The court did not abuse its discretion in allowing the solicitor-general to withdraw his waiver, and to make the opening and concluding arguments.

5. The verdict was amply supported by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*